IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-340-D-1
No. 5:22-CV-66-D

| | |
|---|---|
| ELBERT TOJUAN MCNEILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On February 17, 2022, Elbert Tojuan McNeill ("McNeill" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 168-month sentence [D.E. 81]. On May 9, 2022, the government moved to dismiss McNeill's motion [D.E. 90] and filed a memorandum in support [D.E. 91]. On May 13, 2022, the court notified McNeill of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 92]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On July 11, 2022, McNeill responded in opposition to the government's motion [D.E. 95]. As explained below, the court grants the government's motion to dismiss and dismisses McNeill's section 2255 motion.

I.

On April 20, 2020, pursuant to a written plea agreement, McNeill pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base ("crack") (count one), possession with the intent to distribute a quantity of cocaine base ("crack") (count seven), and possession of a firearm in furtherance of a drug trafficking crime (count nine). See Plea Agr. [D.E. 56]; Presentence Investigation Report ("PSR") [D.E. 66]; Rule 11 Tr. [D.E. 88]

27–29. On August 3, 2020, the court held McNeill's sentencing hearing and adopted the facts set forth in the PSR. See Sent. Tr. [D.E. 89] 4–5. The court found McNeill's total offense level to be 31, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See Sent. Tr. at 5. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McNeill to 108 months' concurrent imprisonment on counts one and seven and 60 months' consecutive imprisonment on count nine, for a total of 168 months' imprisonment. See id. at 5–20; [D.E. 70, 73, 74]. On February 17, 2022, McNeill moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 168-month sentence. See [D.E. 81].

II.

In McNeill's section 2255 motion, McNeill argues that his trial counsel was ineffective: (1) by failing to communicate with McNeill and inform him of the consequences of pleading guilty, file pretrial motions, conduct a pretrial investigation, and attempt to negotiate a favorable plea agreement; and (2) by failing to properly discuss or explain the PSR, file objections to the PSR, and file a notice of appeal. See [D.E. 81] 9–28.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court

2

may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, McNeill must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting

3

effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

As for McNeill's claims of ineffective assistance of counsel during the pretrial phase, McNeill essentially challenges whether his guilty plea was knowing and voluntary and contends that his attorney failed to inform him of the consequences of pleading guilty. McNeill's sworn statements during his Rule 11 proceeding, however, contradict this claim, and McNeill's sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At his Rule 11 hearing, while under oath, McNeill affirmed that he was fully satisfied with counsel's services. See Rule 11 Tr. at 1–13. The court described McNeill's rights, the charges, the penalties, the plea agreement, and the sentencing process, including the court's discretion to determine McNeill's sentence and sentence him up to the statutory maximum. See id. at 13–26. McNeill affirmed that he understood all of these things, including the court's sentencing discretion and that any sentencing prediction by his lawyer was not binding on the court. See id.; Plea Agr. ¶ 3(c) ("Defendant understands, agrees, and admits [t]hat the Court will take into account, but is not bound

4

by the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty."). McNeill confirmed that he had read and understood the plea agreement and discussed the entire agreement with his lawyer before McNeill signed it. See Rule 11 Tr. at 23–26. McNeill also affirmed that he understood that he could not withdraw his guilty plea in the event that any sentencing prediction his lawyer or anyone else had made to him turned out to be incorrect. See id. at 25. Accordingly, McNeill's guilty plea was knowing and voluntary.

As for McNeill's other claims of ineffective assistance during the pretrial phase, including his counsel's alleged failure to file pretrial motions, conduct an adequate a pretrial investigation, and attempt to negotiate a more favorable plea agreement, McNeill has not plausibly alleged deficient performance or prejudice. As for performance, counsel acted reasonably by negotiating a plea agreement in which McNeill agreed to plead guilty to three counts in exchange for the government dismissing six counts. Compare [D.E. 27] with Plea Agr. Even if counsel misinformed McNeill of the penalties he faced, the court's sentencing discretion, and the consequences of pleading guilty, McNeill has not plausibly alleged prejudice because the court corrected those alleged errors during the Rule 11 hearing and before McNeill pleaded guilty. See United States v. Akande, 956 F.3d 257, 263 (4th Cir. 2020); United States v. Akinsade, 686 F.3d 248, 253–54 (4th Cir. 2012). Moreover, in light of his Rule 11 hearing, McNeill has not demonstrated prejudice because he has not plausibly alleged that but for counsel's alleged errors, he would have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Accordingly, the claim fails.

As for counsel's decision not to file a pretrial motion, counsel reviewed the discovery and made a strategic choice to forego potential pretrial motions as part of the larger overall strategy of minimizing McNeill's time in prison. See [D.E. 82] 11; [D.E. 95] 4; see, e.g., Premo v. Moore, 562

5

U.S. 115, 123–28 (2011); Bobby, 558 U.S. at 10–13; Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009); United States v. Cronic, 466 U.S. 648, 663–66 (1984); Strickland, 466 U.S. at 687–91; United States v. Stewart, 256 F.3d 231, 246 (4th Cir. 2001). Moreover, the substantive motions McNeill alleges that his counsel should have filed, such as "Request for Rule 404(b) of the Federal Rules of Evidence [Material]; Motion for Brady/Giglio Material; and for Equal Access for Purposes of Interview; and a Motion to Suppress Evidence," would have been meritless. See [D.E. 82] 12–13. After all, counsel received discovery from the government in the case, and the United States had an obligation to disclose any Brady or Giglio material. As for any motion to suppress, McNeill does not even describe what evidence counsel should have sought to suppress or any rationale for such a motion. Cf. Premo, 562 U.S. at 123–28. The Sixth Amendment does not require counsel to file meritless motions. See Knowles, 556 U.S. at 124–26. Accordingly, there was no deficient performance by failing to file meritless motions. See id.; Strickland, 466 U.S. at 686–91.

As for McNeill's claims of ineffective assistance during the sentencing phase, McNeill alleges that his counsel was ineffective by failing to discuss or explain the PSR. McNeill's sworn statements during his sentencing contradict this claim, and McNeill's sworn statements bind him. See Sent. Tr. at 4–5; see, e.g., Blackledge, 431 U.S. at 74; Moussaoui, 591 F.3d at 299–300; Lemaster, 403 F.3d at 221–23.

As for McNeill's claim that counsel was ineffective during the sentencing phase by failing to file objections to the PSR, McNeill alleges that his counsel should have challenged the validity of his 18 U.S.C. § 924(c) charge. See [D.E. 82] 24–25. According to McNeill, the government failed to show the necessary nexus between possession of a firearm and the drug offense. See id.; [D.E. 95] 7–8.

During McNeill's Rule 11 hearing, the government specifically stated the nexus between possession of a firearm and the drug offense. See Rule 11 Tr. at 30 ("Mr. McNeill also admitted that

6

he kept the firearms in the residence to protect himself; and, therefore they were possessed in furtherance of his drug trafficking activities."). Thus, the suggested objection would have been meritless and could have jeopardized the government's substantial assistance motion and cost McNeill credit for acceptance of responsibility. The Sixth Amendment does not require defense counsel to make meritless objections. See Knowles, 556 U.S. at 124–26. Accordingly, there was no deficient performance by failing to file a meritless objection to the PSR. See id.; Strickland, 466 U.S. at 691.

Alternatively, McNeill has not plausibly alleged prejudice concerning counsel's performance at sentencing. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have received a different total sentence if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. McNeill has not plausibly alleged that counsel could have done something differently to obtain a different total sentence. This court considered McNeill's history and characteristics, including his history of abuse, family circumstances, and addiction. The court also considered the horrific nature of McNeill's conduct, his cooperation, and the need to protect society from McNeill. Moreover, in imposing the sentence, the court noted that even if it miscalculated the advisory guideline range, it would impose the same sentence as a variant sentence. See Sent. Tr. at 18–19. This court's alternative variant sentence defeats any claim that counsel's performance at sentencing prejudiced McNeill. See Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012).

7

Thus, McNeill has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

As for McNeill's claim about an appeal, McNeill admits that he and his counsel discussed McNeill's appellate rights after the court sentenced McNeill. See [D.E. 82] 28; [D.E. 95] 8. The court also described McNeill's appellate rights to McNeill after announcing his sentence. See Sent. Tr. at 19–20. McNeill, however, does not allege that he directed his counsel to file a notice of appeal and that his counsel failed to do so. See [D.E. 82]; [D.E. 95] 8.

The Sixth Amendment imposes a duty upon "counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord Garza v. Idaho, 139 S. Ct. 738, 746–50 (2019); United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see Garza, 139 S. Ct. at 746–50; United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

To demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding

8

would have been different." Id. at 694. When a defendant claims counsel performed deficiently by failing to file a notice of appeal, a defendant shows prejudice by "demonstrat[ing] that there is a reasonable probability that, but for counsel's deficient failure . . . he would have timely appealed." Flores-Ortega, 528 U.S. at 484. The court presumes prejudice when a defendant loses an opportunity to appeal that he would have taken but for counsel ignoring a defendant's express instructions to file a notice of appeal. See Garza, 139 S. Ct. at 749–50; Flores-Ortega, 528 U.S. at 484–86.

McNeill has not plausibly alleged deficient performance concerning counsel's discussion with him about his appellate rights or plausibly alleged that counsel ignored McNeill's express direction to file a notice of appeal. See Garza, 139 S. Ct. at 746–50; Flores-Ortega, 528 U.S. at 480. Thus, this claim fails.

After reviewing the claims presented in McNeill's motion, the court finds that reasonable jurists would not find the court's treatment of McNeill's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 90], DISMISSES petitioner's section 2255 motion [D.E. 81], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 11 day of November, 2022.

JAMES C. DEVER III
United States District Judge

9